IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORENZO T. MOORE, #M42635, | ) </br> ) </br> ) |
| Plaintiff, | ) </br> ) Case No. 24-cv-177-RJD |
| v. | ) </br> ) |
| WILLIAM LOY and PHIL MARTIN, | ) </br> ) |
| Defendants. | ) </br> ) </br> ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 22). Plaintiff filed a Response (Doc. 23) and Defendants filed a Reply (Doc. 25). As explained further, Defendants' Motion is GRANTED IN PART AND DENIED IN PART. Also pending is Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 21). Defendants did not object.

**BACKGROUND**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC") at Robinson Correctional Center ("Robinson"), filed this lawsuit pursuant to 42 U.S.C. §1983 on January 25, 2024. Doc. 1. Plaintiff transferred to Robinson from Dixon Correctional Center on February 23, 2023. *Id.*, p. 6. Plaintiff alleges that prior to leaving Dixon Correctional Center, he was referred for offsite medical care regarding pain in his abdomen, pelvis, and flank, as well as blood in his urine. *Id.* From February 23, 2023 until April 30, 2023, Plaintiff alleged that he

spoke with Defendants Martin and Loy (who he alleges were/are "Administration" at Robinson) "several times and nothing was done." *Id*. Plaintiff also stopped receiving previously prescribed back pain medication and medical soap needed for a skin condition. *Id*., p. 7.

Following the Court's threshold review conducted pursuant to 42 U.S.C. §1915A, Plaintiff's case proceeded on the following claims:

Claim 1: Eighth Amendment deliberate indifference claim against Defendants Loy[1] and Martin for their role in denying or delaying Plaintiff care for his flank/pelvis/abdominal pain and blood in his urine;

Claim 2: Eighth Amendment deliberate indifference claim against Defendants Loy and Martin for their role in denying or delaying Plaintiff his needed pain medication and soap.

Both Defendants contend that Plaintiff's claims against them should be dismissed because Plaintiff failed to exhaust his administrative remedies. The Court ordered Defendants Loy and Martin to file a notice to Plaintiff regarding the ramifications of failing to respond to their statement of material facts, as is required by the Seventh Circuit and because Defendants failed to do so when they filed their motion. Doc. 27. Out of an abundance of caution, the Court ordered Defendants to file their Notice even after Plaintiff had already responded to the Motion but prior to the hearing. Plaintiff construed the notice as an argument by Defendants that Plaintiff had failed to respond to the Motion for Summary Judgment. Doc. 31. Plaintiff is assured that the Court received and considered his arguments regarding Defendants' summary judgment motion. Plaintiff requests a status hearing, which the Court denies because the orders issued on today's date will fully apprise Plaintiff regarding the status of the case.

---

[1] The Clerk of Court is directed to update the docket to reflect that William Loy is the correct name of the defendant originally identified by Plaintiff as Loy Williams. *See* Doc. 17.

**Exhaustion Requirements**

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board ("ARB") for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

Where an inmate faces "a substantial risk of imminent personal injury or other serious or

irreparable harm to the offender," his grievance is handled as an emergency. *Id.* § 504.840(a). The Warden decides whether the grievance should be handled as an emergency, and if so, expedites processing of the grievance and responds to the offender. *Id.* § 504.840(b). If the inmate subsequently appeals the emergency grievance, the ARB also expedites its processing of the grievance. *Id.* § 504.850(f).

## Relevant Grievances

Plaintiff attached multiple grievances to his Complaint and Response, along with some responses from the ARB. Doc. 1, pp. 14, 18-32; Doc. 23, pp. 20-37. Defendants attached the ARB's rulings on those grievances to their Motion for Summary Judgment. Doc. 22-2. The following grievances were all fully exhausted (appealed to and ruled upon by the ARB) before Plaintiff filed this lawsuit.

**Grievance #23-0580E, dated 4/30/2023 (Doc. 22-2, pp. 43-54)**

Plaintiff wrote that he was transferred to Robinson with an order to undergo testing at an outside hospital due to the presence of blood in his urine, but more than two months after his arrival at Robinson he had neither seen a doctor within the prison nor had any tests been performed at an outside hospital on his liver and kidneys. This grievance was treated as an emergency and Defendant Martin wrote in a response to the grievance officer that "upon medical record review, there is an approved off-site referral for CT abdomen/pelvis for flank pain. Originated at Dixon CC. I will inform the Medical Records Director to review for scheduling."

**Grievance #23-0943, dated 6/25/2023 (Doc. 22-2, pp. 24-27)**

Two months later, Plaintiff wrote that he still had not seen a doctor or underwent the CT scan. He also wrote that he was not receiving medication for his back or medical soap that he needed for a skin condition. He spoke with a nurse who said that her boss told her "Robinson

does not give [the medicine] out."  Plaintiff wrote that he thought her boss was Defendant Martin.

**Grievance #23-1078, dated 7/12/2023 (Doc. 22-2, pp. 14-23)**

Plaintiff wrote that he spoke with Defendant Martin regarding his health issues, including the delayed CT scan needed for abdominal pain and "kidney and liver problems."  Defendant Martin said he would "look into it" and "Robinson sends out 10 to 18 people a month" but they were "backed up."  Plaintiff also asked Defendant Martin why he was not receiving his back pain and medicated soap.  Defendant Martin told him "Wexford stopped giving it out."

### *Pavey* Hearing

The Court held an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).   Plaintiff testified that when he wrote the first grievance on 4/30/2023, he did not know either Defendants' name.  Plaintiff recalls having four conversations with Defendant Loy on "walk throughs."  Later in the hearing, Plaintiff testified that Defendant Loy started doing his "walk throughs" in June, so "around the time" that Plaintiff wrote his 6/25/2023 grievance, he knew Defendant Loy's name.  Plaintiff recalls that Defendant Loy kept telling him to talk to Defendant Martin, so Plaintiff detailed his July 2023 conversation with Defendant Martin in the 7/12/2023 grievance.

Defendants called John Loftus to testify.  Mr. Loftus works for the Administrative Review Board.  Mr. Loftus' testimony consisted of reading from the grievance records.

### Discussion

The evidence clearly reflects that Plaintiff exhausted his administrative remedies against Defendant Martin.  Plaintiff's grievances sufficiently provided prison officials the opportunity to address Plaintiff's problems that now comprise his allegations in this suit against Defendant Martin.  *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).  Counsel for Defendant claims that

though Defendant Martin is identified in the grievances-along with the delay/denial of Plaintiff's treatment-Plaintiff does not specifically identify misconduct by Martin.  At the *Pavey* hearing, counsel for Defendant Martin focused on the way Plaintiff filled out the grievance forms-specifically, that he checked "medical treatment" as the nature of his grievance, instead of the "staff conduct" option given on the grievance.

Defendant Martin's arguments are without merit.  Plaintiff argued at the hearing-and the Court agrees-that the misconduct he attributes to Defendant Martin is obvious from the information he provided in the grievances.  Defendant Martin attempts to impose some type of heightened pleading standard upon Plaintiff's grievances, an argument that has no basis in law and that is not even imposed upon Plaintiff's pro se filings in this Court.  Defendant Martin's Motion is DENIED.

As for Defendant Loy, he correctly notes that nothing in Plaintiff's grievances alerted prison officials (either at the facility or with the ARB) to the allegations that Plaintiff makes against him in this suit; namely, that Defendant Loy ignored Plaintiff's requests to help him get the medical treatment that he needed.  Plaintiff has inconsistently recanted when he spoke with Defendant Loy; in his Complaint, he alleged that he spoke with Defendant Loy prior to writing the April 30, 2023 grievance.  At the hearing, he testified that he spoke with Defendant Loy "around the time" of his June 25, 2023 grievance.  Regardless, neither grievance gives any indication that a non-medical prison administrator (or any other person who might fit Defendant Loy's description) was aware of Plaintiff's delayed/denied medical treatment.  Accordingly, Defendant Loy's Motion for Summary Judgment on the issue of administrative remedy exhaustion is GRANTED.

### Plaintiff's Motion for Leave to File Proposed Amended Complaint

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that

leave to amend should be freely given "when justice so requires." The Seventh Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); see also *Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (*quoting Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). The Court may deny a party leave to amend if the proposed pleading is or futile. *Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). Because Plaintiff is pro se, the Court liberally construes Plaintiff's factual allegations. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009). The Court screens Plaintiff's proposed amended complaint to determine whether any portion fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A.

Plaintiff's proposed amended complaint (Doc. 21-1) contains the following claims:

Claim 1: Eighth Amendment deliberate indifference claim against Defendants Williams and Martin for their role in denying or delaying Plaintiff care for his flank/pelvis/abdominal pain and blood in his urine;

Claim 2: Eighth Amendment deliberate indifference claim against Defendants Williams and Martin for their role in denying or delaying Plaintiff his needed pain medication and soap.

Claim 3: Eighth Amendment deliberate indifference claim against Defendants Sennings and Martin for their role in delaying or denying Plaintiff follow-up care for a lump on the left side of his neck and a lump inside his genitals.

Claim 4: Eighth Amendment deliberate indifference claim against Defendant Wexford Health Sources, Inc. for maintaining an official policy of requiring prisoners to be seen by a nurse

|  |  |
|---|---|
|  | three times before being allowed to be seen by a doctor, when it takes 3-6 weeks to be seen by a nurse, causing a delay in necessary medical treatment. |
| Claim 5: | Eighth Amendment deliberate indifference claim against Defendant Wexford Health Sources, Inc. for using the process of "collegial review" as a "gate keeper." |
| Claim 6: | Eighth Amendment deliberate indifference claim against Sergeant Staley for threatening and humiliating Plaintiff during a medical exam. |

Wexford Health Sources, Inc., is a private company that contracts with the IDOC to provide medical care to inmates. The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by the Court. Any claim that is mentioned in the proposed amended complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Counts 1 and 2**

Plaintiff makes the same allegations against Defendants Martin and Loy in the proposed amended complaint that he made in his original complaint. However, as explained above, Plaintiff failed to exhaust his administrative remedies against Defendant Loy and therefore Counts 1 and 2 proceed against Defendant Martin only.

**Count 3**

In the original screening Order (Doc. 10), the Court found that Plaintiff's Complaint reflected that he had not exhausted his administrative remedies for Count 3 and dismissed the claim without prejudice. Plaintiff attempts to resurrect Count 3, contending that he has now exhausted his administrative remedies. Administrative remedies must be exhausted before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020). Now that Plaintiff has exhausted his administrative remedies regarding his allegations against Defendants Sennings and Martin in

Count 3, he may file an additional lawsuit but he cannot proceed on that claim in this suit.  *See id*. The Court offers no opinion in this Order as to whether Count 3 sufficiently states a claim against Defendants Sennings and Martin.

**Count 4**

In his proposed amended complaint, Plaintiff alleges that the Wexford policy of prohibiting him from seeing a doctor until he had been seen three times on nurse sick call is unconstitutional. Doc. 21, p. 7.  Plaintiff attached many sick call request slips to his proposed amended complaint, repeatedly informing staff that he needed to see a doctor and that he needed to be sent for offsite diagnostic testing for "blackish urine", abdominal pain, and other issues.  Doc. 21-1, pp. 38-47. He received written responses informing him that he was "already on sick call" and "added to sick call" and he should "sign up for sick call, follow process, [there are] no current orders on chart, see sick call x3, get MD" and "not sure what your issues are to see the m.d."  *See*, *e.g*., Doc. 21-1, pp. 42-43.  These responses continued even after Defendant Martin discovered the outstanding order for Plaintiff to receive a CT scan of his abdomen, which (more than a year later) Plaintiff still has not received*.  See id*., pp. 9, 42-43.  Plaintiff alleges that Wexford is attempting to save money by delaying and/or denying him necessary medical treatment.  Overall, Plaintiff's factual allegations regarding this "widespread and persistent" practice of directing him to nurse sick call instead of arranging for him to see a doctor are sufficient to state a claim against Wexford.  *Howell v. Wexford Health Sources, Inc*., 987 F.3d 647, 653 (7th Cir. 2021) (*citing Monell*, 436 U.S. at 690-91*; Glisson v. Indiana Dep't of Corrections*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc).

**Count 5**

Plaintiff briefly refers to the Wexford collegial review process (of which the Court is familiar and involves requiring the approval of an off-site Wexford physician for an inmate to

receive certain treatment), but alleges no facts that suggest the collegial review process had any impact on his healthcare regarding the abdominal pain, blood in his urine, skin condition, and back pain at Robinson. Doc. 21-1, p. 7. Accordingly, Count 5 does not adequately state a claim upon which relief may be granted and will not proceed in Plaintiff's Amended Complaint.

**Count 6**

Plaintiff alleges that on one occasion he arrived late to the health care unit for a medical exam, and Sergeant Staley told him to go back to his unit or receive a ticket and also called him a racist slur. Plaintiff proceeded with the exam and while he was partially nude and being examined by a nurse, Sergeant Staley entered the room to harass him. This claim-against a new defendant-is not sufficiently related to the underlying allegations in Plaintiff's original suit and therefore not appropriate to proceed in this case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Court offers no opinion as to the merits of this claim.

**Conclusion**

Defendant Loy's Motion for Summary Judgment on the issue of administrative remedy exhaustion (Doc. 22) is GRANTED and Plaintiff's claims against him are DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment accordingly. Defendant Martin's Motion for Summary Judgment (Doc. 22) is DENIED.

Plaintiff's Motion for Leave to File the Amended Complaint (Doc. 21) is GRANTED IN PART AND DENIED IN PART. The Clerk of Court is directed to file the proposed amended complaint (Doc. 21-1) as the First Amended Complaint. The following claims within the First Amended Complaint shall proceed:

> Claim 1: Eighth Amendment deliberate indifference claim against Defendant Martin for his role in denying or delaying Plaintiff care for his flank/pelvis/abdominal pain and blood

                                              in his urine;

Claim 2:    Eighth Amendment deliberate indifference claim against Defendant Martin for his role in denying or delaying Plaintiff his needed pain medication and soap.

Claim 4:    Eighth Amendment deliberate indifference claim against Defendant Wexford Health Sources, Inc. for maintaining an official policy of requiring prisoners to be seen by a nurse three times before being allowed to be seen by a doctor, when it takes 3-6 weeks to be seen by a nurse, causing a delay in necessary medical treatment.

**IT IS SO ORDERED.**

**DATED:   February 10, 2025**

 

                                                                *s/ Reona J. Daly*
                                                                **Reona J. Daly**
                                                                **United States Magistrate Judge**